NO. 07-06-0319-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 4, 2007


______________________________



JEREMY LECLEAR, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;



NO. A-3966-05-08; HON. ED SELF, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ. Jeremy LeClear was convicted of evading arrest or detention and contends that the
evidence was factually insufficient to support the verdict. We affirm the judgment of the
trial court. 

 The standard by which we review the factual sufficiency of the evidence is set forth
in Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to that
opinion.

 Next, a person commits an offense if he intentionally flees from a person he knows
is a peace officer attempting lawfully to arrest or detain him. Tex. Pen. Code Ann.
§38.04(a) (Vernon 2003). Appellant argues that the evidence was factually insufficient
because it failed to establish the legitimacy of the officer's attempt to detain him. That is,
his conviction should be overturned because the officer allegedly lacked basis to detain
him. We disagree. 

 On July 21, 2005, around 4:00 a.m., a jailer for the Swisher County Sheriff's
Department observed an individual (later determined to be appellant) dressed in jeans, a
leather jacket, and a motorcycle helmet approach the door of the jail building, look inside,
and linger for several minutes without removing his helmet. The jailer called Officer Randy
Baker to return to the jail to investigate. When Baker arrived in his marked police vehicle,
he observed appellant almost in the street walking toward a motorcycle. Baker attempted
to call in the license plate number of the motorcycle. However, the last two digits of it had
been covered in paint and intentionally altered, or so it appeared to the officer. 

 When Baker was approximately five feet from appellant and the motorcycle, he
yelled for appellant to stop. Instead, appellant turned, looked at the officer, sped off, and
ran a stop sign. The officer contacted dispatch and began to pursue the speeding
motorcyclist. At one point, Baker estimated appellant's speed to approximate 100 m.p.h. 

 An officer may temporarily detain an individual for further investigation when he
has specific articulable facts which combined with rational inferences from those facts
would lead an officer to reasonably suspect that a particular person has engaged in or
soon will be engaged in criminal activity. Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim.
App. 2001). The circumstances that raise suspicion need not be criminal in and of
themselves but the conduct must be sufficiently distinguishable from that of innocent
people under the same circumstances to clearly set the suspect apart. Davis v. State, 947
S.W.2d 240, 242 (Tex. Crim. App. 1997). 

 Appellant's 1) lingering in front of a jail at 4 a.m., 2) being clothed in a way that
concealed his identity, 3) riding a motorcycle with an altered licence plate, 4) running a stop
sign as he drove away, and 5) speeding constitute some evidence of articulable facts upon
which a reasonable officer could deduce that appellant had or was engaged in criminal
conduct. Thus, Baker had reasonable suspicion justifying his attempt to detain appellant,
and the evidence supporting that conclusion was neither weak nor outweighed by
countervailing evidence. 

 Accordingly appellant's issue is overruled, and the judgment is affirmed. 


 Brian Quinn 

 Chief Justice


Do not publish.